Bruns, J.,
concurring: I agree that there is no merit to Hoeff-ner’s claim of error arising out of the proceedings before the administrative hearing officer, and I agree that there is substantial competent evidence to support the district court’s decision to suspend Hoeffner’s driver’s license. I write separately, however, because I believe it is unnecessary for us to reach the issue of whether a law enforcement officer is prohibited from seeking a search warrant from a judge to extract blood after a person has refused to submit to blood-alcohol testing.
As the majority recognizes, the exclusionary rule is not applicable under the circumstances presented in this administrative action. See Martin v. Kansas Dept. of Revenue, 285 Kan. 625, 641, 176 P.3d 938 (2008). As such, there is no reason to offer an advisory opinion regarding the issue of whether a law enforcement officer can — upon the showing of probable cause- — obtain a search warrant from a neutral and detached magistrate for blood testing after a driver’s refusal to submit to a breath test. Rather, as the Kansas Supreme Court suggested in Martin, I believe this issue should be resolved in any criminal prosecution that may arise out of the same incident — not in a driver’s license suspension action. See 285 Kan. 625, Syl. ¶ 8.